UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LESTER BOIHEM** | * | **CIVIL ACTION NO.:** |
|     **PLAINTIFF** | * | |
| | * | **JUDGE** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE** |
| **MOORE COMPANIES LLC AND** | * | |
| **TOM J. MOORE, III** | * | |
|     **DEFENDANTS** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Lester Boihem (hereinafter referred to as "Plaintiff"), a person of the full age of majority, and who is currently domiciled in the Parish of Jefferson, State of Louisiana, who, alleges as follows:

1.

Made defendants herein are:

1) **MOORE COMPANIES LLC** (hereinafter referred to as "Moore Companies") – a Mississippi limited liability company with offices located at 10054 Fountain Avenue, D'Iberville, Mississippi 39540, and who is subject to the jurisdiction of this Court.

2) **TOM J. MOORE, III** (hereinafter referred to as "Mr. Moore") – a person of the full age of majority who is domiciled in the State of Mississippi, and who is subject to the jurisdiction of this Court.

(Moore Companies and Mr. Moore are hereinafter collectively referred to as "Defendants").

2.

Venue is proper in this Honorable Court because Defendants transacted business and entered into an agreement with Plaintiff in this judicial district of the State of Louisiana.

3.

This Honorable Court has original jurisdiction of this civil action pursuant to 18 U.S.C. § 1332, as the matter in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Defendants and Plaintiff. Upon information and belief, Moore Companies sole member is Tom Moore, who is domiciled in and a resident of the State of Mississippi.

1

4.

This Honorable Court also has personal jurisdiction over Defendants, as Defendants transacted business with Plaintiff in the State of Louisiana and the agreement between the parties was made and entered into in the State of Louisiana.

**FACTUAL BACKGROUND**

5.

In or around August 2022, Plaintiff was approached by Defendants and a securities and financial services firm regarding an investment opportunity in Mississippi Green Oil, LLC (hereinafter referred to as "MGO"), a Mississippi limited liability company purportedly entering the state's cannabis licensing and distribution industry. Upon information and belief, Mr. Moore and/or Moore Companies have ownership interests in MGO and/or are officers/members in MGO.

6.

Through discussions, Plaintiff and Defendants came to an agreement, which was also confected into writing, wherein Plaintiff would provide capital contributions of $600,000 into MGO, with $300,000 being contributed immediately and the other $300,000 to be contributed upon receipt of MGO's cannabis license, and in return, Plaintiff would receive a two (2) percent equity interest in MGO. In furtherance on this agreement, on or about August 8, 2022, Plaintiff wired Defendants $300,000.

7.

On or around September 14, 2022, Plaintiff and Defendants met at Plaintiff's offices in Metairie, Louisiana, wherein they discussed the investment. At this meeting, it was mutually agreed that Defendants would return to Plaintiff the $300,000 investment and Plaintiff would no longer receive any ownership interest in MGO. These terms were confected and made binding between the parties both orally and through a signed document drafted and provided by Defendants on November 23, 2022 (hereinafter referred to as the "Agreement").

8.

Despite repeated demands by Plaintiff, and despite repeated representations by Defendants that the $300,000 would be returned, Defendants have failed to do so to date.

9.

As a result of Defendants' unlawful actions, Plaintiff has incurred the $300,000 loss, in addition to incurring and continuing to incur other significant costs and expenses to recover said payment, including but not limited to court costs and attorney's fees, in addition to significant mental anguish.

**BREACH OF CONTRACT**

10.

Plaintiff reiterates the allegations contained in all previous paragraphs of this Complaint as if copied herein *in extenso*.

11.

Plaintiff and Defendants entered into the Agreement, wherein Defendants represented and promised, both orally and in writing, that they would immediately return to Plaintiff the $300,000 investment he made to MGO. In return, Plaintiff agreed that he would no longer be entitled to any ownership interest in MGO.

12.

Plaintiff is ready and willing to perform all of his obligations under the Agreement. However, Defendants have breached the Agreement by failing to return the $300,000 payment to Plaintiff, despite repeated demands by Plaintiff and despite numerous promises by Defendants that the funds would be immediately returned.

13.

As a result of Defendants' breach, Plaintiff has sustained damages and continues to sustain damages in an amount to be proven at trial.

**DETRIMENTAL RELIANCE**

14.

Plaintiff reiterates the allegations contained in all previous paragraphs of this Complaint as if copied herein *in extenso*.

15.

Defendants repeatedly promised, represented, and obligated themselves to Plaintiff, both orally and in writing, that they would immediately return the $300,000 payment to Plaintiff.

Plaintiff reasonably relied, to his detriment, upon the representations and promises of Defendants, and has incurred numerous costs and expenses under the belief that the funds would be returned.

16.

As a result of Defendants' promises and representations, Plaintiff reasonably relied to his detriment upon the representations of Defendants and has sustained damages and continues to sustain damages in an amount to be proven at trial.

### ALTERNATIVE CAUSE OF ACTION - UNJUST ENRICHMENT

17.

Plaintiff reiterates the allegations contained in all previous paragraphs of this Complaint as if copied herein *in extenso*.

18.

In the alternative, by withholding and failing to return the $300,000 investment, Plaintiff avers that Defendants have become enriched at the expense of Plaintiff, as Defendants do not have valid cause to maintain possession of said funds.

19.

As a result of Defendants' unlawful conduct, Plaintiff has sustained damages and continues to sustain damages in an amount to be proven at trial.

### REQUEST FOR TRIAL BY JURY

20.

Plaintiff hereby requests a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff hereby requests that the above-named defendants be duly served and cited to appear and answer this Complaint, that after all due proceedings are had, there be judgment in his favor and against Defendants, for such damages as are reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid; for all costs of these proceedings; attorney's fees; and for all general and equitable relief and for trial by jury.

[SIGNATURE BLOCK ON THE FOLLOWING PAGE]

Respectfully submitted,

CHEHARDY, SHERMAN, WILLIAMS,
RECILE, & HAYES, LLP


__/s/ Matthew A. Sherman_____
**MATTHEW A. SHERMAN, La. Bar No. 32687**
**NICHOLAS R. VARISCO, La. Bar No. 38431**
One Galleria Boulevard, Suite 1100
Metairie, Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504) 833-8080
Email: mas@chehardy.com; nrv@chehardy.com
*Attorneys for Plaintiff*

**PLEASE SERVE THROUGH LOUISIANA LONG ARM SERVICE**:

**MOORE COMPANIES LLC**
Through its registered agent for service of process:
Tom J. Moore, III
12918 Woodland Cir.
D 'Iberville, MS 39540

and

**TOM J. MOORE, III**
178 Main Street, Suite 301
Biloxi, MS 39530