UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LESTER BOIHEM** | * | CIVIL ACTION NO.: 23-326 (H4) |
|     **PLAINTIFF** | * | |
| | * | JUDGE |
| **VERSUS** | * | |
| | * | MAGISTRATE JUDGE |
| **MOORE COMPANIES LLC AND** | * | |
| **TOM J. MOORE, III** | * | |
|     **DEFENDANTS** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### AFFIDAVIT OF LESTER BOIHEM

**PARISH OF** Jefferson

**STATE OF LOUISIANA**

    **BE IT KNOWN**, that on this 2nd day of August 2023;

    **BEFORE ME**, the undersigned authority, personally came and appeared:

### LESTER BOIHEM

a competent person of the full age of majority, who after first being duly sworn, did depose and state the following based upon his own personal knowledge:

1. He is the plaintiff in the above-captioned matter.

2. In or around August 2022, he was approached by Tom J. Moore, III ("Mr. Moore") and Moore Companies LLC regarding an investment opportunity in Mississippi Green Oil, LLC ("MGO"), a Mississippi limited liability company purportedly entering the state's cannabis licensing and distribution industry.

3. It is his belief that Mr. Moore and/or Moore Companies, LLC have ownership interests in MGO and/or are officers/members in MGO. *See Exhibit 1-A* (wherein Mr. Moore is listed as the MGO President).

1

4. After discussions with the defendants, he, Mr. Moore, and Moore Companies LLC came to an agreement, which was also confected into writing, wherein he would provide capital contributions of $600,000 into MGO, with $300,000 being contributed immediately and the other $300,000 to be contributed upon receipt of MGO's cannabis license, and in return, he would receive a two (2) percent equity interest in MGO. *See Exhibit 1-A.*

5. In furtherance of this agreement, on or about August 8, 2022, he wired Mr. Moore and Moore Companies LLC $300,000. *See Exhibit 1-B.*

6. On or about August 21, 2022, Mr. Moore and Moore Companies LLC sent him a letter irrevocably agreeing to honor and guarantee his investment of $600,000 for MGO. *See Exhibit 1-C.*

7. On or around September 14, 2022, he met with Mr. Moore and/or Moore Companies LLC at his office in Metairie, Louisiana, wherein they discussed the investment.

8. At this meeting, it was mutually agreed that Mr. Moore and Moore Companies LLC would return to him the $300,000 investment and he would no longer receive any ownership interest in MGO.

9. These terms were confected and made binding between the parties both orally and through a signed document drafted and provided by Mr. Moore and Moore Companies LLC on November 23, 2022 (the "Agreement"). *See Exhibit 1-D.*

10. Despite repeated demands by him, and despite repeated representations by Mr. Moore and Moore Companies LLC that the $300,000 would be returned, they have failed to do so to date.

11. As a result of Moore Companies LLC's unlawful actions, he has incurred the $300,000

loss, in addition to incurring and continuing to incur other significant costs and expenses to recover said payment, including but not limited to court costs and attorney's fees.

12. The costs and attorney's fees he has incurred to date are attached as *Exhibit 1-E,* showing costs of $411.52 and attorney's fees of $5,647.50 to date.

                                                           **LESTER BOIHEM**

SWORN AND SUBSCRIBED BEFORE ME
THIS 2nd DAY OF August, 2023.

_____
NOTARY PUBLIC

NICHOLAS VARISCO
Notary Public
State of Louisiana
Jefferson Parish
Notary ID # 156871
My Commission is for Life

3