# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**LESTER BOIHEM**                                    **CIVIL ACTION**

**VERSUS**                                           **NO: 23-326**

**MOORE COMPANIES, LLC**                             **SECTION: "H"**
**ET AL.**

## ORDER AND REASONS

Before the Court is Plaintiff Lester Boihem's Motion for Default Judgment (Doc. 16) against Defendant Moore Companies, LLC. For the following reasons, this Motion is **GRANTED**.

## BACKGROUND

This case arises out of an alleged breach of contract. In August 2022, Defendants Moore Companies, LLC and Tom J. Moore, III allegedly approached Plaintiff Lester Boihem regarding an investment opportunity in Mississippi Green Oil, LLC ("MGO"). The parties came to an agreement ("the Investment Agreement") wherein Plaintiff would provide $600,000 to Defendants—$300,000 immediately and $300,000 upon receipt of MGO's cannabis license. In exchange for his investment, Plaintiff was to receive a 2% equity interest in MGO.[1] The parties crafted a Letter of Agreement and Plaintiff wired Defendants $300,000.

---

[1] Doc. 10-2.

Shortly thereafter, the parties met to discuss the Investment Agreement and mutually agreed, orally and in writing, that Defendants would return Plaintiff's initial investment of $300,000, and Plaintiff would receive no interest in MGO (the "Recission Agreement").[2] Despite repeated demands, Defendants have refused to return Plaintiff's initial investment of $300,000 as proscribed by the Recission Agreement.

Plaintiff brings claims for breach of contract, detrimental reliance, and unjust enrichment. On July 5, 2023, Plaintiff completed service of the summons and complaint on the Defendant Moore Companies, LLC, through its registered agent, Tom J. Moore, III, at its last known address of 178 Main Street, Suite 301, Biloxi, MS 39530. Defendant Moore Companies, LLC has failed to appear, plead, or otherwise defend itself in this action. On August 1, 2023, the Clerk of Court entered default against Defendant Moore Companies, LLC.[3] Plaintiff now moves for a default judgment against Defendant Moore Companies, LLC in the amount of $306,059.02.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes the clerk to make an entry of default against defendants who fail to answer or otherwise defend a plaintiff's complaint within the required time period.[4] An entry of default results in a plaintiff's well-pleaded factual allegations being deemed admitted.[5] Nevertheless, a defendant against whom a default has been entered "is not held to admit facts that are not well-pleaded or to admit conclusions of law."[6]

---

[2] Doc. 10-5.
[3] Doc. 13.
[4] FED. R. CIV. P. 55.
[5] Meyer v. Bayles, 559 F. App'x 312, 313 (5th Cir. 2014) (citing Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).
[6] *Nishimatsu*, 515 F.2d at 1206.

Following the entry of default, a plaintiff may move for default judgment against the defendant in default.[7] "[A] defendant's default does not in itself warrant the court in entering a default judgment" as "[t]here must be a sufficient basis in the pleadings for the judgment entered."[8] Although judgments by default are "generally disfavored,"[9] the decision to enter default judgment is within the sound discretion of the trial court.[10]

The Court is entitled to consider several factors when determining whether to enter a default judgment, including, "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion."[11]

The Fifth Circuit has acknowledged that an evidentiary hearing can be held when the damages claimed are unliquidated.[12] However, an evidentiary hearing is unnecessary when the amount of damages claimed is a liquidated sum or an amount "capable of mathematical calculation."[13]

## LAW AND ANALYSIS

Plaintiff requests a default judgment against Defendant Moore Companies, LLC, as it has failed to plead or defend as required by Rule 55(a)

---

[7] FED. R. CIV. P. 55(b)(2).
[8] *Nishimatsu*, 515 F.2d at 1206.
[9] Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000).
[10] Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (citing Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977)).
[11] Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).
[12] James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993).
[13] *Id.*

of the Federal Rules of Civil Procedure.[14] Defendant Moore Companies, LLC has not opposed this motion or otherwise responded to this suit. The Court must first examine its jurisdiction over this subject matter and the parties before proceeding to the merits of Plaintiff's Motion for Default Judgment.[15]

### i. *Subject Matter Jurisdiction*

Jurisdiction in this matter is premised upon 28 U.S.C. § 1332, which vests district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."[16] "[C]itizenship of a LLC is determined by the citizenship of all of its members,"[17] and a natural person is a citizen of the state in which he is domiciled.[18]

Defendant Moore Companies, LLC is a Mississippi limited liability company, and its sole member is Defendant Tom Moore, III, a citizen of Mississippi. Plaintiff is a citizen of Louisiana. Therefore, complete diversity of citizenship exists. Additionally, Plaintiff seeks $306,059.02 in damages, which exceeds the jurisdictional amount. Accordingly, this Court has subject matter jurisdiction over this action.

### ii. *Personal Jurisdiction*

Plaintiff states that this Court has personal jurisdiction over Defendant Moore Companies, LLC because Defendants "transacted business with Plaintiff in the State of Louisiana and the agreement between the parties was made and entered into in the State of Louisiana."[19]

---

[14] FED. R. CIV. P. 55.
[15] *See* Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy, 242 F.3d 322, 324 (5th Cir. 2001).
[16] 28 U.S.C. § 1332.
[17] Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008).
[18] Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996).
[19] Doc. 1 at 2.

"A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over the defendant, and (2) the forum state's exercise of jurisdiction complies with due process."[20] Because Louisiana's long-arm statute extends jurisdiction to the limits of due process,[21] the Court need only determine if subjecting Defendant to suit in Louisiana would offend the Due Process Clause of the 14th Amendment.[22] To satisfy the requirements of the Due Process Clause, a nonresident defendant must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[23] A defendant's minimum contacts satisfy traditional notions of fair play and substantial justice if "the defendant's conduct and connection with the forum state are such that [the defendant] should reasonably anticipate being haled into court there."[24]

The Supreme Court has held that "with respect to interstate contractual obligations . . . parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities."[25] In the Fifth Circuit, "when a nonresident defendant takes 'purposeful and affirmative action,' the effect of which is 'to cause business

---

[20] Joe Hand Promotions, Inc. v. Ashby, No. 13-4747, 2014 WL 1330027, at *2 (E.D. La. Apr. 2, 2014) (citing Latshaw v. Johnson, 167 F.3d 208, 211 (5th Cir. 1999)).

[21] *See* LA. REV. STAT. § 13:3201.

[22] Dickson Marine Inc. v. Panalpina, Inc., 179 F.3d 331, 336 (5th Cir. 1999)).

[23] *Id.* at 316 (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

[24] Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) (quoting World–Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980)).

[25] *Id.* at 473 (quoting Travelers Health Ass'n v. Virginia, 339 U.S. 643, 647 (1950)); *see also* Cent. Freight Lines Inc. v. APA Transp. Corp., 322 F.3d 376, 382 (5th Cir. 2003) (finding that the defendant, who deliberately communicated with plaintiff by telephone and mail with the intention of entering into a long-standing contractual relationship, should have reasonably anticipated being haled into court in Texas on a breach of contract claim despite never physically entering the State of Texas to deliver freight to customers).

activity, foreseeable by (the defendant), in the forum state,' such action by the defendant is considered a 'minimum contact' for jurisdictional purposes."[26]

Here, Defendant reached out and created a continuing relationship and obligation with Plaintiff, a citizen of Louisiana. Defendants entered into the Investment Agreement for Plaintiff's investment of $600,000 in exchange for 2% equity of MGO.[27] Giving Plaintiff a 2% share in MGO constitutes an ongoing contractual relationship, as Plaintiff would be a member of MGO and entitled to regular updates on the progression of his investment. Additionally, the parties subsequently entered into the Recission Agreement on November 23, 2022, at Plaintiff's office in Metairie, Louisiana. This Recission Agreement provided for the release of Plaintiff's ownership interest in MGO in exchange for the return of Plaintiff's initial $300,000 investment. Defendant's failure to render reimbursement, as agreed upon in the Recission Agreement, made this instant suit foreseeable. Accordingly, the Court finds that Defendant Moore Companies, LLC engaged in sufficient minimum contacts with Louisiana. For these reasons, the Court has personal jurisdiction over Defendant Moore Companies, LLC.

### iii.    Venue

"A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."[28] According to the Complaint, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district. Namely, Defendants contracted with a Louisiana citizen and met at Plaintiff's office in

---

[26] Miss. Interstate Express, Inc. v. Transpo, Inc., 681 F.2d 1003, 1007 (5th Cir.1982) (quoting Marathon Metallic Bldg. Co. v. Mountain Empire Const. Co., 653 F.2d 921, 923 (5th Cir. 1981)).
[27] Doc. 10-2.
[28] 28 U.S.C. § 1391(b)(2).

Metairie, Louisiana to discuss the recission of Plaintiff's investment in MGO.[29] Therefore, venue is proper in this district.[30]

### A.    Default Judgment

The record reflects that Defendant Moore Companies, LLC was served with the summons and the complaint on July 5, 2023, and has failed to appear, plead, or otherwise defend itself in this action.[31] The Court also finds that jurisdiction is proper in this district. Accordingly, this Court will award a default judgment in Plaintiff's favor if the facts alleged in the Complaint constitute a legitimate cause of action.[32] "When considering whether there is a 'sufficient basis in the pleadings' for the entry of a default judgment, the court must accept as true 'the well-pleaded factual allegations in the plaintiff's complaint.'"[33] Here, Plaintiff brings claims for breach of contract, detrimental reliance, and unjust enrichment. [34]

Under Louisiana law, a plaintiff seeking to recover for breach of contract "must prove: (1) the obligor's undertaking of an obligation to perform; (2) that

---

[29] Doc. 10-1, at 2.

[30] This court notes that the Investment Agreement contains a forum selection clause that stipulates that "[t]he exclusive venue for any action arising out of or relating to this [letter of agreement] shall be the federal and/or state court, as applicable, in Harrison County, Mississippi." Doc. 10-2. However, Defendants have failed to contest the propriety of venue by not responding to Plaintiff's Complaint or otherwise defending against this action. As Defendant has not raised the issue, the Court shall not challenge Plaintiff's choice of venue. Commercial Cas. Ins. Co. v. Consolidated Stone Co., 278 U.S. 177 (1928) (holding that where a party failed to object to venue until after a default judgment was entered, the right to object to venue was waived).

[31] Doc. 16-1.

[32] *See* Farrell v. Landrieu, No. 14-0072, 2016 WL 1714227, at *2 (E.D. La. Apr. 1, 2016).

[33] H-S Int'l, Inc. v. ABO Ventures, Inc., No. 15-3063, 2016 WL 614698, at *2 (E.D. La. Feb. 16, 2016).

[34] The Court recognizes the existence of a choice-of-law provision contained in the parties' Investment Agreement selecting Mississippi law as the controlling law of this agreement. Nevertheless, the breach of contract elements under Mississippi law and Louisiana law are analogous. "The elements of breach of contract [under Mississippi law] are: (1) the existence of a valid and binding contract; (2) breach of the contract by the defendant; and (3) money damages suffered by the plaintiff." Guinn v. Wilkerson, 963 So. 2d 555, 558 (Miss. Ct. App. 2006). Thus, the Court find that the result is the same under Mississippi law.

the obligor failed to perform the obligation (i.e. breach); and (3) that the breach resulted in damages to the obligee."[35] The Louisiana Civil Code defines an obligation as "a legal relationship whereby a person, called the obligor, is bound to render a performance in favor of another, called the obligee. Performance may consist of giving, doing, or not doing something."[36] Under Louisiana law, "[a] contract is formed by the consent of the parties established through offer and acceptance."[37]

The Investment Agreement provides that Plaintiff was to invest $600,000 for 2% equity in MGO. Defendant Moore Companies, LLC also addressed a letter to Plaintiff communicating Defendants' intent to "irrevocably honor and guarantee [Plaintiff's] investment of $600,000 investment for Mississippi Green Oil."[38] The parties then entered into the Recission Agreement, wherein Defendant Moore Companies, LLC agreed to return Plaintiff's initial investment.[39] Both of these documents, the letter and the Recission Agreement were carried out on Moore Companies, LLC letterhead.[40] Despite demand, Defendants did not return Plaintiff's initial investment of $300,000. Accordingly, the Court finds that Plaintiff has made a prima facie case that Defendant Moore Companies, LLC is in breach of its obligations under the Recission Agreement and is liable for its failure to perform.

---

[35] SnoWizard, Inc. v. Robinson, 897 F. Supp. 2d 472, 478 (E.D. La. 2012).
[36] LA. CIV. CODE art. 1756.
[37] Id. art. 1927.
[38] Doc. 10-4.
[39] Doc. 10-5.
[40] Doc. 10-4 and Doc. 10-5.

Having shown all of the elements of a breach of contract, the Court finds that Plaintiff is entitled to an award for damages.[41] Damages for an obligor's failure to perform "are measured by the loss sustained by the obligee and the profit of which he has been deprived."[42] In other words, "the calculation of damages should place the non-breaching party 'in the same position he would have been in' had the contract been fulfilled."[43] Accordingly, Defendants must return the $300,000 contribution it received from Plaintiff.

Here, the Court finds that the amount Defendant Moore Companies, LLC owes Plaintiff as a result of the breach of contract is capable of mathematical calculation and the Court need not hold an evidentiary hearing to determine the amount of damages.[44] Plaintiff has provided this Court with documentary evidence and affidavits establishing that he gave $300,000 to Defendant pursuant to the Investment Contract.[45] Accordingly, Plaintiff has submitted evidence of damages in the amount of $300,000.

Plaintiff also seeks (1) an award of attorney's fees, (3) costs incurred in the filing of this suit, and (3) judicial interest from the date of entry until the judgment is paid. Under Louisiana law, attorney's fees are not allowed except where authorized by statute or contract.[46] Because there is no provision of law that permits this Court to grant Plaintiff attorney's fees in this case and the parties did not stipulate to attorney's fees in either the Investment Agreement

---

[41] Defendants are liable for the full amount of Plaintiff's requested damages as a result of their breach of contract; therefore, this Court need not address Plaintiff's other theories of liability.

[42] LA. CIV. CODE. art. 1995.

[43] *In re* Bankston, 749 F.3d 399, 403 (5th Cir. 2014) (quoting Gibbs Const. Co., Inc. v. Thomas, 500 So. 2d 764, 770 (La. 1987)).

[44] "As a general proposition, in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing," but the rule "is subject to an exception where the amount claimed is a liquidated sum or one capable of mathematical calculation." *James*, 6 F.3d at 310.

[45] Doc. 10-3.

[46] State Dep't of Transp. & Dev. v. Williamson, 597 So. 2d 439, 441 (La. 1992).

or the Recission Agreement, the Court will not award attorney's fees. Plaintiff is entitled to costs incurred in the filing of this suit under Federal Rule of Civil Procedure 54(d)(1).[47] Rule 54 provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."[48] Plaintiff has attached a receipt from his attorney, providing that Plaintiff has incurred costs in the amount of $411.52 for service and filing fees in connection with this matter.[49] Additionally, "[p]ost-judgment interest is awarded as a matter of course" in accordance with 28 U.S.C. § 1961(a).[50]

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **GRANTED**. Judgment shall be entered against Defendant Moore Companies, LLC, in the amount of $300,411.52 plus post-judgment interest from the date of judgment until paid.

New Orleans, Louisiana this 4th day of October, 2023.

_____
**HON. JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[47] *H-S Int'l, Inc.*, 2016 WL 614698, at *2 (permitting costs under Federal Rule of Civil Procedure 54(d)(1)).
[48] FED. R. CIV. P. 54(d)(1).
[49] Doc. 16-8.
[50] Meaux Surface Prot., Inc. v. Fogleman, 607 F.3d 161, 173 (5th Cir. 2010).